United States District Court
Southern District of Texas
**ENTERED**
April 25, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH ANDREW BEACH, TDCJ #2149718, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-23-1462 |
| TOM STICKLER, et al., | § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

State inmate Joseph Andrew Beach (TDCJ #2149718) has filed a Criminal Complaint: Affidavit of Information ("Complaint")(Docket Entry No. 1), alleging constitutional violations by his criminal defense counsel, the prosecutor, and the state district judge who presided over his criminal proceeding in Brazoria County Case No. 86276-CR. Because Beach seeks monetary damages for the violation of his civil rights the Complaint is construed to arise under 42 U.S.C. § 1983.[1] The court is required to scrutinize pleadings filed by prisoners and dismiss the action if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). After considering all of the pleadings, the court concludes that this case must be dismissed for the reasons explained below.

---

[1]The title a prisoner gives to pro se pleadings is not controlling; rather, courts look at the content of the pleading. United States v. Santora, 711 F.2d 41, 42 n.1 (5th Cir. 1983).

## I. **Background**

Beach is currently incarcerated by the Texas Department of Criminal Justice ("TDCJ") at the Preston E. Smith Unit.[2] The defendants are Beach's former criminal defense counsel, Tom Stickler; former Brazoria County District Judge Terri Holder; and Brazoria County prosecutor Cindy Bridges.[3]

Beach alleges that the defendants conspired to "rig" a jury trial against him in Brazoria County Case No. 86276-CR.[4] Public records reflect that Beach was convicted of criminal solicitation of capital murder in that case and sentenced to 55 years' imprisonment on August 26, 2022.[5] Beach argues that he is innocent and that he was wrongfully convicted as a result of the defendants' actions, which denied him the right to call witnesses, to present a defense, to have the assistance of counsel of his choice, the right to due process, and the right to equal protection.[6] He seeks criminal charges against the defendants and a total of $6,130,000.00 in damages for the violation of his constitutional

---

[2] Complaint, Docket Entry No. 1, p. 1. For purposes of identification, all page numbers reference the pagination imprinted on each docket entry by the court's electronic case filing system, ECF.

[3] Id.

[4] Id. at 3.

[5] See TDCJ Offender Information, available at: https://inmate.tdcj.texas.gov (last visited April 21, 2023).

[6] Complaint, Docket Entry No. 1, p. 4.

rights.[7]

## II. Discussion

To the extent that Beach seeks criminal charges against the defendants, his Complaint fails to state a claim because there is no private right of action to bring criminal charges. See Back v. Texas Dep't of Criminal Justice Correctional Institutions Div., 716 F. App'x 255, 259 (5th Cir. Dec. 11, 2017) (per curiam, unpublished)(citing Gill v. Texas, 153 F. App'x 261, 262 (5th Cir. 2005)(per curiam); Oliver v. Collins, 904 F.2d 278, 281 (5th Cir. 1990); Chapa v. Adams, 168 F.3d 1036, 1038 (7th Cir. 1999)). Therefore, Beach has no standing to assert criminal violations. See Linda R.S. v. Richard D., 93 S. Ct. 1146, 1149 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); Doyle v. Oklahoma Bar Ass'n, 998 F.2d 1559, 1566-67 (10th Cir. 1993) (a private citizen has no standing to have lawyer disciplined or criminally charged); Sattler v. Johnson, 857 F.2d 224, 227 (4th Cir. 1988) (neither member of public at large nor victim has right to have another criminally prosecuted).

In addition, Beach's claim for monetary damages in connection with his criminal conviction is precluded by the rule in Heck v. Humphrey, 114 S. Ct. 2364 (1994). Under this rule a civil rights

---

[7] Id. at 6.

plaintiff cannot recover money damages based on allegations of "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," without first proving that the challenged conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." Heck, 114 S. Ct. at 2372.

Beach's allegations against the defendants implicate the validity of his conviction in Brazoria County Case No. 86276-CR, which has not been overturned. Therefore, his civil rights claims against the defendants will be dismissed with prejudice to being asserted again until after the conditions described in Heck are met. See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996) (observing that this kind of dismissal "do[es] not preclude a later claim meeting the preconditions for suit" outlined in Heck); see also Cook v. City of Tyler, Texas, 974 F.3d 537, 539 (5th Cir. 2020).

### III.  Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Complaint filed by Joseph Andrew Beach (TDCJ #2149718)(Docket Entry No. 1) is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be

granted.

2.  The dismissal will count as a **STRIKE** for purposes of 28 U.S.C. § 1983.

**The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff. The Clerk will also send a copy of this Order the Manager of Three Strikes List at Three_Strikes@txs.uscourts.gov.**

**SIGNED** at Houston, Texas, on this 25th day of April, 2023.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE